**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

AL M. WILLIAMS,
TDC #362773                                                                                          PLAINTIFF

V.                                   2:12CV00168 JMM/JTR

PHILLIPS HOSPITAL CORPORATION,
d/b/a Helena Regional Medical Center;
and DR. ARTHUR LEVY                                                                     DEFENDANTS

**ORDER**

Plaintiff, Al Williams, is a prisoner in the West Tennessee State Penitentiary. He has filed this *pro se* diversity alleging that Defendants provided him with negligent medical care.

On November 26, 2012, separate Defendant Levy sent Plaintiff Requests for Admission asking him to admit that "this is a cause of action for medical injury as defined by Ark. Code. Ann § 16-114-201." *See* docket entry #20, Ex. A. Defendant Levy also asked Plaintiff to admit that he did not have a qualified physician to act as a medical expert to testify regarding the allegations of negligence, the proximate cause of his injury, and the applicable standard of care. *Id.*

On December 6, 2012, Plaintiff sent Defendant Levy an Answer stating that he did "not have sufficient information or knowledge to respond" to the Requests for

Admissions. *Id.,* Ex. B. Plaintiff also stated that the Requests for Admissions were "denied" and "would be addressed by Plaintiff's counsel." *Id.* However, as of the date of this Order, no attorney has entered an appearance on Plaintiff's behalf.

On December 11, 2012, Defendant Levy sent Plaintiff a letter explaining that his Answers to the Requests for Admission violated the Federal Rules of Civil Procedure. *Id.*, Ex. C. In a good faith effort to resolve the matter, Defendant Levy then gave Plaintiff an opportunity to file proper Answers. *Id.* Importantly, Defendant Levy cautioned Plaintiff that he would ask the Court to deem his Request for Admission admitted if Plaintiff did not file proper Answers. Plaintiff did not do so.

Thus, on January 4, 2013, Defendant Levy filed a Motion asking the Court to deem his Requests for Admission to be admitted. *See* docket entry #19. Plaintiff has not filed a Response to that Motion, and the time for doing so has expired. *See* Local Rule 7.2(f) (providing that: "The failure to timely respond to any nondispositive motion . . . shall be an adequate basis, without more, for granting the relief sought in said motion").

Further, the Court finds that Plaintiff's Answers clearly violated Fed. R. Civ. P. 36. Within thirty days of receipt, Plaintiff was *required* to admit or deny each of the Requests for Admission. *See* Fed. R. Civ. P. 36(a)(3). Clearly, Plaintiff knew at that time whether he had found an expert to testify on his behalf, and he was required

to admit or deny that fact to Defendant Levy. *See* Fed. R. Civ. P. 36(a)(4). (explaining that a party "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny").

Finally, Plaintiff was notified by letter and Motion that his Answers were improper and could be deemed admitted. Nevertheless, he failed to take *any* corrective action. Accordingly, his Answers are deemed admitted pursuant to Fed. R. Civ. P. 36(a)(6).

IT IS THEREFORE ORDERED THAT separate Defendant Levy's Motion to Deem Admitted (docket entry #19) is GRANTED.

Dated this 24th day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE