**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

AL M. WILLIAMS                                                                                    PLAINTIFF

V.                                             2:12CV00168 JMM/JTR

PHILLIPS HOSPITAL CORPORATION,
d/b/a/ Helena Regional Medical Center;
and DR. ARTHUR LEVY                                                                      DEFENDANTS

<u>**ORDER**</u>

Plaintiff Al M. Williams (a Tennessee resident) has filed this diversity medical

malpractice action against separate Defendants Phillips Hospital Corporation, d/b/a Helena

Regional Medical Center ("HRMC"), and Dr. Arthur Levy (Arkansas residents).[1]  The parties

have filed cross motions for summary judgment.  *See* Docs. #28, #45, #57, and #60.  For the

reasons set forth below, the Court grants summary judgment in favor of HRMC and Dr. Levy.

   **I.**      <u>**Facts**</u>

Williams is an insulin dependent diabetic who also suffers from hypertension, seizures,

reflux disease, and other unspecified illnesses.  *See* Doc. #57 at Ex. A (medical records) and Ex.

F (Williams's affidavit); Doc. #74 (Dr. Levy's affidavit).

On March 26, 2011, he was arrested and confined in the Phillips County Jail.  *Id.*  On

March 28, 2011, a general practitioner who treats Phillips County detainees determined that

Williams should be taken by jail officials to the HRMC.  *Id.*

---

   [1]  In his Amended Complaint, Williams clarified that he is not pursuing any civil rights
claims under 42 U.S.C. § 1983.  *See* Docs. #6 and #7.  Additionally, there is no dispute that diversity
jurisdiction is proper under 28 U.S.C. § 1332.

Upon arrival at the HRMC emergency room, Dr. Levy examined Williams and confirmed, through laboratory tests, that he was suffering from hyperglycemia and dehydration. *Id.* Accordingly, he gave Williams IV fluids and multiple doses of insulin. *Id.* Later that day, Williams's symptoms resolved, his blood sugar returned to a normal reading, and he was in stable condition. *Id.* Williams asked Dr. Levy to refill his prescriptions for insulin and various other medications. *Id.* Dr. Levy denied that request, instructed Williams to obtain his prescriptions from his primary care physician or the jail physician, and discharged him from the HRMC emergency room. *Id.* County officials then transported Williams back to the Phillips County Jail.

Williams claims that jail officials did not give him any medications for the next two days. *See* Doc. #57 at Exs. F and A. According to Williams, that failure caused him to become hyperglycemic, have a seizure, and break a tooth in a fall. *Id.* Upon his release from jail on March 30, 2011, Williams was admitted into the HRMC, for one day, for treatment of hyperglycemia. *Id.* at Ex. A.

## II.   **Standard for Summary Judgment**

Summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court of the legal basis for its motion and produce evidence demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). Once the moving party does so, the nonmoving party must submit evidence demonstrating that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Torgerson*, 643 at 1042. Importantly,

the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead, must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Torgerson,* 643 F.3d at 1042. Finally, the court must view the disputed facts in the light most favorable to the nonmoving party. *Ricci v. DeStefano*, 129 S.Ct. 2658, 2677 (2009); *Torgerson,* 643 F.3d at 1042.

### III.   Legal Analysis

In diversity actions, the Court must apply the substantive law of the forum state, which in this case is Arkansas.[2]   *See Lakeside Feeders, Inc. v. Producers Livestock Mktg. Ass'n*, 666 F.3d 1099, 1106 (8th Cir. 2012); *Blankenship v. USA, Truck Inc.*, 601 F.3d 852, 856 (8th Cir. 2010). Under Arkansas law, a plaintiff has the burden of producing expert testimony to substantiate his claims of medical malpractice. *Skaggs v. Johnson*, 915 S.W.2d 253, 326 (Ark. 1996). Specifically, the Arkansas Medical Malpractice Act, Ark. Code Ann. § 16-114-206(a), provides that:

---

[2]   Williams makes the legally unsupported and undeveloped argument that, because he is a Tennessee resident, Tennessee law and not Arkansas law should apply to the merits of his malpractice claim. The court must apply the choice-of-law of law rules of the state in which it sits, which is Arkansas. *Global Petromarine v. G.T. Sales & Mfg., Inc.*, 577 F.3d 839, 844 (8th Cir. 2009); *Lane v. Celadon Trucking, Inc.*, 543 F.3d 1005, 1007 (8th Cir. 2008). When resolving choice-of-law issues, Arkansas courts apply the doctrine of *lex loci delicti* as well as the Leflar factors. *Schubert v. Target Stores, Inc.*, 201 S.W.3d 917, 920-22 (2005). In this case, the alleged medical malpractice occurred in Arkansas and was committed by an Arkansas resident on a prisoner in the custody of an Arkansas county jail. The only connection with Tennessee is Williams's alleged residency in that state. Thus, both the doctrine of *lex loci delicti* and the Leflar factors favor the application of Arkansas tort law.

In any action for *medical injury*, when the asserted negligence does not lie within the jury's comprehension *as a matter of common knowledge*, the plaintiff shall have the burden of proving:

(1) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant, the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he or she practices or in a similar locality;

(2) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant that the medical care provider failed to act in accordance with that standard; and

(3) By means of expert testimony provided only by a qualified medical expert that as a proximate result thereof the injured person suffered injuries that would not otherwise have occurred.

(Emphasis added.)

Williams has previously *admitted* that he does not have a qualified medical expert to testify regarding his allegations of negligence, the proximate cause of his injuries, or the applicable standard of care.  *See* Docs. #20 at Ex. A, #22 at Ex. A,  #24,  #27, and #43. Additionally, although he has had the opportunity to do so, Williams has not included any such expert testimony in his summary judgment papers.  Thus, HRMC and Dr. Levy are entitled to summary judgment under Ark. Code Ann. § 16-114-206(a).  *See Nat'l Bank of Commerce v. Quirk*, 918 S.W.2d 138, 149-150 (Ark. 1996) (affirming summary judgment where a plaintiff failed to produce expert testimony required by Ark. Code. Ann. § 16-114-206(a))*; Neal v. Farris*, 278 S.W.3d 129, 130 (Ark. App. 2008) (same).

Williams attempts to circumvent that result by arguing that this is a general negligence action, and not a claim for relief under the Arkansas Medical Malpractice Act.  However, Williams has already *admitted* that "this is a cause of action for medical injury as defined in Ark.

Code Ann. § 16-114-201." *See* Docs. #20 at Ex. A, #22 at Ex. A, #24, #27, and #43.   More

importantly, the Arkansas Medical Malpractice Act applies to all causes of action against a

medical care provider for a medical injury.  *See* Ark. Code Ann. §§ 16-114-201(1) and 202;

*Paulino v. QHC of Springdale, Inc.,* 386 S.W.3d 462, 467 (Ark. 2012).  Williams's allegations

that defendants improperly treated his hyperglycemia and wrongfully denied his requests for

insulin and other prescription medications clearly falls within that definition.

Williams also argues that he is not required to produce expert testimony because his

allegations against Dr. Levy and HRMC fall within the "common knowledge" exception to Ark.

Code Ann. § 16-114-206(a).   That exception applies only when the asserted negligence does not

lie "within the comprehension of a jury of laymen, such as a surgeon's failure to sterilize

instruments or remove a sponge from the incision before closing it."  *Haas v. Starnes*, 915

S.W.2d 675, 678 (Ark. 1996); *see also Mitchell v. Lincoln,* 237 S.W.3d 455, 460 (Ark. 2006)

(explaining in the "vast majority" of cases, Arkansas courts have held that the common

knowledge does not apply).   In this case, a jury of laymen would not be able to determine, in the

absence of expert testimony, whether Dr. Levy breached the applicable standard of care when

he:  (1) diagnosed and treated Williams's hyperglycemia; (2) refused to provide him with

prescriptions for insulin and other medications; and (3) relied upon jail officials and physicians

to provide Williams with his medications.   Thus, the common knowledge exception does not

apply, and defendants are entitled to dismissal based upon Williams's failure to comply with

Ark. Code Ann. § 16-114-206(a).

Finally, although he is entitled to dismissal based solely upon Williams's failure to

comply with Ark. Code Ann. § 16-114-206(a), Dr. Levy has gone on to produce affirmative

evidence demonstrating that he complied with the applicable standard of care.  Specifically, in a sworn affidavit, Dr. George Hutchinson states that based upon his education, training, experience, and review of the relevant medical records, Dr. Levy met the applicable standard of care when he treated Williams and declined to refill his prescriptions.[3]  *See* Doc. #46, Ex. A. Williams has not produced any evidence to refute that opinion or otherwise support his allegations.  Thus, his medical malpractice claims against Dr. Levy and HRMC are dismissed with prejudice.

## IV.   **Conclusion**

Defendants' Motions for Summary Judgment (Docs. #28 and #45) are GRANTED, and Plaintiff's Motions for Summary Judgment (Docs. #57 and #60) are DENIED. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), than an *in forma pauperis* appeal would not be taken in good faith.  The Clerk is directed to close the case.

IT IS SO ORDERED this 13th day of May, 2013.


James M. Moody
United States District Judge

---

[3] Dr. Hutchinson is a board certified emergency room physician who is  familiar with the standard of care for emergency medicine physicians practicing in Helena, Arkansas.  *See* Doc. #46, Ex. A.